UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

RONALD PETEKA,

    Petitioner,

  -v-                                       No. 12 Civ. 2469 (LTS)
                                             No. 07 Cr. 0826 (LTS)

UNITED STATES OF AMERICA,

    Respondent.

--------------------------------------------------------x

### MEMORANDUM ORDER

On August 30, 2007, Petitioner Ronald Peteka ("Petitioner" or "Peteka") was charged in this district on three counts: (1) conspiracy to transport stolen property in interstate commerce and to access a computer without authorization, in violation of 18 U.S.C. § 371; (2) transportation of stolen property in interstate commerce, in violation of 18 U.S.C. §§ 2314 and 2; and (3) accessing a computer without authorization, in violation of 18 U.S.C. §§ 1030 (a)(2)(c) and 2. The indictment alleged that Petitioner, a former Morgan Stanley employee, had conspired with a current Morgan Stanley employee (the "co-conspirator") to have the co-conspirator email Morgan Stanley's confidential proprietary documents to the co-conspirator's personal AOL email address, the servers for which were located in Virginia, and to Petitioner's work email address, located in New York. Petitioner also emailed these confidential documents from his New York City work email account to his personal email, also located in New York. On July 9, 2008, Petitioner pled guilty to Count Two, the transportation of stolen property in interstate commerce, in violation of 18 U.S.C. §§ 2314 and 2. On December 16, 2008, this Court sentenced Petitioner principally to two years' probation, 200 hours of community service, ninety

days house arrest, and $58,000 in restitution, which Petitioner paid by waiving his right to his Morgan Stanley pension.

On April 4, 2012, nearly four years after the imposition of his sentence, Petitioner filed a pro se motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. As Petitioner had already completed his sentence, he was deemed ineligible for such relief, and was instead instructed to amend his petition and file a writ of error coram nobis. Petitioner filed a petition for a writ of error coram nobis on June 20, 2012. The Court denied the petition on February 13, 2013, holding that Peteka's claims were time barred and that, even if his petition were timely, he had failed to show circumstances that compelled granting the writ. Petitioner now moves, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's February 13, 2013, judgment. The Court has reviewed carefully all of the parties' submissions and, for the following reasons, Petitioner's motion is denied.[1]

DISCUSSION

Motions to alter or amend judgments under Fed. R. Civ. P. 59(e) or for reconsideration under Local Rule 6.3 are evaluated under the same exacting standard. Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). Such a motion is neither an opportunity for the movant to take a "second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir.2008), nor "a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003). Rather, the party moving for reconsideration bears the heavy burden of showing "an intervening change of controlling law,

---

[1] Familiarity with the prior motion practice is presumed.

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations omitted).

Petitioner first argues that conflicts of interest between Morgan Stanley and the Government prejudiced his case, and points to exhibits suggesting that Morgan Stanley's legal representatives include individuals previously affiliated with the United States Attorney's Office for this district. Petitioner's conclusory allegations do not explain the nature of the alleged conflicts or how they affected his case, and do not meet Rule 59(e)'s exacting standard. See In re Interpictures, Inc., 122 F.3d 1056 (2d Cir. 1997) (to prevail on a Rule 59(e) motion, "the movant must specifically identify those matters which it believes the Court has overlooked and why such matters would render the Court's prior decision erroneous") (internal quotations omitted).

Petitioner next asserts that the proprietary documents in the emails underlying his conviction were intangible market information and not tangible goods under 18 U.S.C. § 2314. As an initial matter, Petitioner failed to raise this argument in his original petition for a writ of error coram nobis and so is precluded from raising it now. Even if the argument were properly considered, "the text of § 2314 makes no distinction between 'tangible' and 'intangible' goods, or between electronic and other modes of transfer across state and international lines." United States v. Aleynikov, 737 F. Supp. 2d 173, 187 (S.D.N.Y. 2010) (rejecting argument that computer source code did not constitute "goods" under Section 2314 because it was "intangible intellectual property").

Petitioner's remaining arguments -- that his delay in filing his petition for a writ of error coram nobis was not unreasonable; and that a fundamental error occurred during his plea

allocution because he did not understand the difference between the terms "interstate" and "intrastate" -- were considered and rejected by the Court in its February 13, 2013, Memorandum Order, and are improperly raised for a second time in this motion practice.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to alter or amend the Court's February 13, 2013, judgment is denied. This Memorandum Order resolves docket entry no. 12 in 12 Civ. 2469.

SO ORDERED.

Dated: New York, New York
July 15, 2013

_____/S_____
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Ronald Peteka
17 Jefferson Road
Farmingdale, NY 11735